UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRAD CHESNEL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:25-cv-00341-LEW |
| | ) | |
| NATHAN THAYER, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Pursuant to 28 U.S.C. § 2254, Petitioner seeks habeas relief from a state court judgment entered in 1998 following a jury trial and conviction for robbery and murder. (Petition, ECF No. 1.) The State asks the Court to dismiss the petition. (Response, ECF No. 3.) After a review of the petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

### DISCUSSION

A prisoner typically has "one fair opportunity to seek federal habeas relief from [a] conviction" because Congress has placed "stringent limits on second or successive habeas applications." *Banister v. Davis*, 590 U.S. 504, 507 (2020). After a district court enters judgment on a first petition, 28 U.S.C. § 2244(b) prohibits subsequent petitions unless a court of appeals authorizes a district court to consider a new claim based on a prima facie showing that the claim "relies on a new and retroactive rule of constitutional law or . . . it alleges previously undiscoverable facts that would establish [the petitioner's] innocence." *Id.* at 509; *see also Rivers v. Guerrero*, 605 U.S. 443, 446, 450 (2025).

The record reflects that the Court denied Petitioner habeas relief in January 2003 on a petition he filed in October 2002. *Chesnel v. Merrill*, 238 F. Supp. 2d 322, 323 (D. Me. 2003). There are no circumstances alleged or apparent to establish that the new petition satisfies a recognized exception to the "second or successive" label.[1] Because the petition is second or successive, and because the record does not establish that Petitioner received preauthorization from the First Circuit, the Court lacks jurisdiction to consider the new petition. *See Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) (the "prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward").

First Circuit Rule 22.1(e) provides that if a second or successive § 2254 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." Because the current petition does not appear to be based on newly discovered evidence or a new rule of constitutional law made retroactive on collateral review, the interests of justice do not support transfer to the First Circuit. Dismissal, therefore, is appropriate.

---

[1] A later-filed petition does not qualify as "second or successive" in some circumstances, including when: (1) the prior petition was withdrawn or dismissed for technical or procedural reasons unrelated to the merits, such as failure to pay a filing fee, *see Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998), (2) the claims challenge an intervening criminal judgment, such as one following a plenary resentencing after a reversal on appeal, *see Magwood v. Patterson*, 561 U.S. 320, 339 (2010), and (3) there was no prior opportunity to assert the claims because they were not ripe, such as when the challenged conduct occurred after the resolution of the first petition. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007); *Restucci v. Bender*, 599 F.3d 8, 9–10 (1st Cir. 2010).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend the Court dismiss the petition without requiring Respondent to answer the petition.  I also recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of October, 2025.